**SO ORDERED:**

Since the parties have agreed to a tolling agreement while they discuss possible settlement, this case is dismissed without prejudice or costs, with right to restore consistent with tolling agreement.

SO ORDERED.

/s/ Alvin K. Hellerstein
February 4, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AAS PHYSIATRY, P.C. INSTITUTE OF PELVIC REHABILITATION,

           Plaintiff,

-against-

OPTUM, INC, and UNITED HEALTHCARE, INC.

           Defendants.

---

Case No. 1:21-cv-07770-AKH

**February 1, 2022**

## JOINT MOTION FOR STAY

Plaintiff, AAS PHYSIATRY, P.C. INSTITUTE OF PELVIC REHABILITATION, ("AAS") by and through its attorneys, Schwartz, Conroy & Hack P.C., and Defendants, OPTUM, INC. and UNITED HEALTHCARE, INC. (collectively, the "Parties"), hereby move to stay the above-captioned action pursuant to the annexed DISMISSAL, ABEYANCE, NON-WAIVER, STANDSTILL AND TOLLING AGREEMENT ("Agreement") (annexed hereto as Exhibit "A") entered by the Parties as part of their ongoing efforts to resolve this matter.

The Court has the authority to issue the proposed Stay under Rule 6(b) of the Federal Rules of Civil Procedure and under its inherent authority to manage its docket.

Amid discussions surrounding the alleged defects in Plaintiff's Complaint [Docket No. 1], and Plaintiff's potential amendment of same, Plaintiff and Defendants determined that there is a reasonable chance that they could resolve the instant dispute through settlement discussions and thereby conserve both attorney and judicial resources.

In furtherance of the above contemplated, good faith settlement discussions involving unreimbursed medical claims, the Parties respectfully request that this Court grant the within

Tolling Agreement to allow the Parties adequate time to resolve the complex issues presented by this action.

Based on the foregoing, the Parties respectfully submit that a stay and tolling of this action is warranted as set forth in the agreement.

The Parties will provide this court with a status report in ninety (90) days as to whether the action has settled, or if the matter needs to move forward with an amended complaint.

The Parties respectfully request that the Court grant the motion to stay.


| SCHWARTZ, CONROY & HACK, P.C. | DORSEY & WHITNEY LLP |
|---|---|
| By: *Michail Z. Hack* <br> Michail Z. Hack, Esq. <br> Attorneys for Plaintiff <br> 666 Old Country Road <br> Suite 900 <br> Garden City, New York 11530 <br> (516) 745-1122 | By: /s/ Jonthan Montcalm <br> Jonathan Montcalm, Esq. (#4821682) <br> Attorneys for Defendants <br> 51 West 52nd Street <br> New York, New York 10019 <br> (212) 415-9200 |

# EXHIBIT A

# EXHIBIT A

# DISMISSAL, ABEYANCE, NON-WAIVER, STANDSTILL AND TOLLING AGREEMENT

This Dismissal, Abeyance, Non-Waiver, Standstill, and Tolling Agreement is entered into this __th day of January, 2022 ("Effective Date"), by and among AAS PHYSIATRY, P.C. INSTITUTE OF PELVIC REHABILITATION ("AAS"), on the one hand, and OPTUM, INC, ("OPTUM") and UNITED HEALTHCARE, INC. and their affiliates ("UNITED"), on the other hand. A reference to "the parties" herein shall mean AAS, OPTUM and UNITED collectively.

WHEREAS, AAS filed an action in the United States District Court, Southern District of New York, entitled <u>AAS PHYSIATRY, P.C. INSTITUTE OF PELVIC REHABILITATION v. OPTUM, INC. et al.</u>, No.: 1:21-cv-07770-AKH (hereinafter "AAS Suit"); and

WHEREAS, the parties believe it is in their collective best interests that any pending disputes by and between them not be asserted in litigation at the present time to allow the parties time to resolve these issues; and,

WHEREAS, the parties desire to avoid the expense of litigation, if possible, and hereby consent to the following agreements as hereinafter set forth herein.

NOW, THEREFORE, in consideration of the foregoing and the mutual promises contained herein, and for good and valuable consideration, the sufficiency of which is hereby expressly acknowledged by all parties, the parties agree to the following terms as their full agreement on these matters:

1. The parties agree to execute immediately and fully this Dismissal, Abeyance, Non-Waiver, Standstill and Tolling Agreement and tender via electronic mail executed copies thereof to each other without delay.

2. AAS agrees that it will not file, intervene in, or otherwise commence any new legal proceeding (including, without limitation, litigation and arbitration) against OPTUM and UNITED for a period of ninety (90) days from the Effective Date.

3. OPTUM and UNITED agree that they will not file, intervene in, or otherwise commence any new legal proceeding (including, without limitation, litigation and arbitration) against AAS for a period of ninety (90) days from the Effective Date.

4. Consistent with the parties' intent to have meaningful discussions about resolving the disputes between them without the expense of litigation, the parties agree to stay any litigation, arbitration, and/or proceedings currently pending between them, including the AAS Suit ("Stayed Claims"). These stayed claims include any claim, cross-claim, counterclaim, cause of action, or defense that is asserted or could be asserted in the AAS suit. Each party agrees that a joint motion for a stay shall be filed in the AAS Suit.

5. By executing the Dismissal, Abeyance, Non-Waiver, Standstill and Tolling Agreement, the parties do not acknowledge any liability or responsibility for any claim, cross-claim,

counterclaim, cause of action, or defense, nor do they acknowledge the validity of any defense or counterclaim. The parties agree that this agreement does not constitute any waiver or estoppel of any party's rights, obligations, claims, or defenses, in equity or law in the AAS Suit, and each party agrees that it will not make any argument or take any position in support of such waiver or estoppel.

6. The parties agree that the running of any and all statutes of limitations, statutes of repose, or other deadlines on claims, actions, proceedings, and bills that are dismissed and/or stayed and held in abeyance pursuant to paragraphs two (2), three (3), four (4), and five (5) shall be tolled and suspended for a period of ninety (90) days from the Effective Date (hereinafter referred to as, "Tolling Period"). The parties also agree that no interest, penalties, and attorney's fees shall accrue against OPTUM or UNITED during the Tolling Period. The time in the Tolling Period shall not be included in computing any statute of limitations or statute of repose application for causes of action derived from and/or related to the dispute between the parties.

7. This agreement shall commence on the Effective Date and continue in full force and effect for ninety (90) days or any Extended Tolling Period.

8. If the U.S. District Court for the Southern District elects to dismiss rather than stay the AAS Suit during the tolling period, the parties agree that AAS has the right to refile the AAS suit within 30 days following the expiration of the original Tolling Period in this Agreement and that said Tolling period shall be extended for this 30-day refiling period (the "Extended Tolling Period.").

9. The parties agree that the remedy for the violation of the within Agreement shall be the immediate dismissal of the proceeding filed in violation of this Agreement without prejudice along with the payment of the non-breaching party's attorney's fees and costs incurred in obtaining the dismissal of the offending proceeding.

10. Except as provided for in this Agreement, nothing herein shall have any effect on any defenses, including the statute of limitations, which may be available to the parties prior or subsequent to the Effective Date. All periods of time except for the days within the Tolling Period shall be included in the calculation and application of any statute of limitations defense. Except as provided for in this Agreement, nothing herein shall preclude the parties from asserting the statute of limitations/statute of repose defense to the extent such defense was in existence as of the Effective Date. Nothing herein shall be deemed to revive any cause of action barred as of the Effective Date.

11. Subject to paragraph five (5), the parties expressly reserve the right to assert any and all defenses and/or claims available to them in any lawsuit or other legal proceeding that is re-filed or filed pursuant to this Agreement.

12. The parties expressly agree that any future settlement agreement, if any, entered into by and between them will automatically supersede and terminate this Dismissal, Abeyance, and Tolling Agreement.

13. Unless terminated sooner via a settlement agreement entered into by the parties, the within Dismissal, Abeyance, Non-Waiver, Standstill and Tolling Agreement shall automatically terminate upon the expiration of the Tolling Period, unless expressly extended in writing by the parties hereto, or unless the Extended Tolling Period is in effect.

14. The parties expressly reserve the right to amend, modify, terminate and/or extend the within Dismissal, Abeyance, Non-Waiver, Standstill, and Tolling Agreement. Any such amendment, modification, termination and/or extension must be in writing and signed by the authorized representative of the applicable parties.

15. The within Dismissal, Abeyance, Non-Waiver, Standstill and Tolling Agreement shall be construed in accordance with and be governed by the laws of the State of New York.

16. The parties hereby agree, represent, and warrant that they have had the opportunity of advice of counsel of their choosing in the negotiation and preparation of this Dismissal Abeyance, Non-Waiver, Standstill, and Tolling Agreement, that they have read this Tolling Agreement, that they have had the Dismissal, Abeyance, Non-Waiver, Standstill and Tolling Agreement fully explained by counsel of their choosing, and that they are fully aware of its content and legal effect. The parties have mutually drafted the within Dismissal, Abeyance, Non-Waiver, Standstill and Tolling Agreement. To the extent there are any ambiguities or uncertainties contained herein, they shall not be construed for or against any party hereto or its counsel as the drafter of this document.

17. This Dismissal, Abeyance, Non-Waiver, Standstill, and Tolling Agreement may be signed in counterpart originals and shall take full force and effect upon the execution by all parties. Executed copies of this Dismissal, Abeyance, Non-Waiver, Standstill, and Tolling Agreement sent via electronic means shall be deemed as originals and enforceable as originals.

18. In signing this Dismissal, Abeyance, Non-Waiver, Standstill, and Tolling Agreement, no party has relied on or been induced to execute this Agreement by any statements, representations, agreements, or promises, oral or written, made by any other party, their agents, employees, servants, or attorneys, or anything else, other than the statements expressly contained within this Dismissal, Abeyance, Non-Waiver, Standstill, and Tolling Agreement.

19. The parties mutually represent to each other that any individual executing this Dismissal, Abeyance, Non-Waiver, Standstill, and Tolling Agreement in a representative capacity has the specific authority to execute and legally bind the entity or entities on whose behalf the individual is executing this Dismissal, Abeyance, and Tolling Agreement.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties have hereunto set their hands on the dates shown.

Agreed:  AAS PHYSIATRY, P.C. INSTITUTE OF PELVIC REHABILITATION
*By Their Authorized Representative*

*Michail Z. Hack*

Print Name:  Michail Z. Hack, Esq.

Date:  02/01/2022

Agreed:  UNITED HEALTHCARE, INC,

*By Their Authorized Representative:*

/s/ Jonthan Montcalm

Print Name:  Jonathan Montcalm, Esq.

Date:  02/01/2022

Agreed:  OPTUM, INC.

*By Their Authorized Representative:*

/s/ Jonthan Montcalm

Print Name:  Jonathan Montcalm, Esq.

Date:  02/01/2022

4